UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80743-CIV-COHN

EDWARD D. FAGAN,

    Plaintiff,

v.

THE CZECH REPUBLIC, NATIONAL
GALLERY IN PRAGUE, and MUSEUM
OF DECORATIVE ARTS OF PRAGUE,

    Defendants.
_____/

## **FINAL ORDER OF DISMISSAL**

**THIS CAUSE** is before the Court *sua sponte*. The Court has reviewed the record in this case and is otherwise fully advised in the premises.

In an earlier action before this Court, Plaintiff Edward D. Fagan filed a *pro se* Complaint under the name Victims of Holocaust Art Theft ("Victims"). See Case No. 12-80420-CIV-COHN (S.D. Fla. filed Apr. 19, 2012) ("Fagan I"), DE 1. Based on the Complaint in that case, the Court held that Fagan could not represent Victims on a *pro se* basis because it was "an organization owned and controlled by at least one person (Michal Klepetář) other than Fagan" and it sought to "vindicate the interests of Klepetář and other persons in allegedly stolen artwork." Fagan I, DE 4 at 2. Thus, the Court made clear that "if Plaintiff wishes to proceed in this action, it must be represented by counsel." Id. at 3.

Although the Court granted Victims a month to obtain counsel, it did not do so. Instead, Fagan filed a "Motion for Permission for Plaintiff *Pro Se* to Proceed Under the

Name '*Victims of Holocaust Art Theft*' and for other relief." Fagan I, DE 7.  In that Motion, Fagan asserted that Victims was not a legal entity separate from Fagan but rather a fictitious name that he was using to bring claims in his individual capacity.  Fagan sought leave to amend the Complaint in order to clarify this point.  The Court, however, rejected Fagan's argument:

> As the Court previously noted . . . the allegations of the Complaint indicate that other individuals besides Fagan have an interest in Plaintiff.  See DE 4 at 1.  But even if the Court were to assume that Fagan alone owns and controls Plaintiff, it remains clear that Fagan is seeking to represent the interests of persons other than himself.  See Mot. at 5-6 (explaining that Fagan seeks to vindicate not only his own interests in allegedly stolen artwork, but also the interests of the Popper heirs, including Klepetář).  More troubling, Fagan reveals for the first time in his Motion that he is "a disbarred lawyer" and that "[e]ven after [his] disbarment," he has been "sought out by persons and groups with restitution claims who wanted [him] to assist and consult with them."  Id. at 4 & n.2.  This disclosure suggests that Fagan, despite being disbarred from the practice of law, may be using Plaintiff as a vehicle to represent other persons before this Court.  See S.D. Fla. L.R. 11.1(b).  For these reasons, Fagan's Motion does not alter the Court's conclusion that Plaintiff may not proceed without counsel, and the relief sought in that Motion is denied.

Fagan I, DE 5 at 2 n.1.  Further, because no attorney had timely appeared on behalf of Victims, the Court dismissed Fagan I without prejudice.  See id. at 2.

On July 10, 2012, the same day that the Fagan I dismissal Order was entered, Fagan filed his Complaint in this action ("Fagan II").  See DE 1.[1]  The present Complaint is substantially identical to the Complaint in Fagan I.  According to Fagan, though, the new Complaint "clarif[ies] that Plaintiff Fagan is suing only in his individual capacity and . . . is not seeking to represent any persons or interests other than his own."[2]  Id. at 1

---

[1] This case was initially assigned to Judge Marra but was later transferred to the undersigned District Judge.  See DE 7.

[2] Fagan alleges that he is "an owner of certain rights to the Popper Art Collection which were obtained / acquired from Michal Klepetář . . . , the Popper heir/legal

n.1.  In this regard, Fagan has named himself as Plaintiff, removed all references to Victims, and changed the wording of certain allegations to suggest that Fagan is no longer pursuing the interests of Michal Klepetář and the other Popper Heirs in the allegedly stolen artwork.  Compare, e.g., Fagan I, DE 1, ¶ 42 ("**The Popper Heirs and their successors, including Plaintiff,** are entitled to full and complete accounting and restitution of all of the pieces of The Popper Collection that are currently in the possession of [Defendants] . . . ."), and id. ¶ 43 ("**Plaintiff and The Popper Heirs** are entitled to a fair compensation for lost profits concerning The Popper Collection, its exhibition and/ or potential sale of individual artworks."), with Fagan II, DE 1, ¶ 42 ("**Plaintiff** is entitled to full and complete accounting and restitution of all of the pieces of The Popper Collection that are currently in the possession of [Defendants] . . . ."), and id. ¶ 43 ("**Plaintiff** is entitled to a fair compensation for lost profits concerning The Popper Collection, its exhibition and/ or potential sale of individual artworks.") (all emphases added).

Despite Fagan's cosmetic changes to the Complaint, it remains clear that he is seeking to represent the interests of other persons in addition to his own interests.  Like Fagan I, this action is intended to recover artwork that allegedly belongs to Klepetář and the other Popper Heirs.  See, e.g., DE 1, ¶ 141 ("Fifty paintings from The Popper Art

---

successor" who is authorized to "speak for and represent The Popper Heirs."  DE 1, ¶ 6 & n.2.  Throughout his new Complaint, Fagan refers to Klepetář and The Popper Heirs as his "predecessors."  Nevertheless, it appears that Fagan acquired a partial interest in the artwork solely to pursue this litigation.  Indeed, Fagan has tried this tactic before.  See Ass'n of Holocaust Victims for Restitution of Artwork & Masterpieces v. Bank Austria Creditanstalt AG, No. 04 CV 3600(SWK), 2005 WL 2001888, at *5-*6 (S.D.N.Y. Aug. 19, 2005) (imposing sanctions against then-attorney Fagan, primarily because he acquired interests in allegedly stolen artwork "for the sole purpose of bringing this action," in violation of attorney ethics rules).

3

Collection remain in and are wrongfully being retained and withheld from **The Popper Heirs**, and documents related to the entire Popper Collection are also being withheld from **The Popper Heirs** by Defendants[.]" (emphases added)); id. ¶ 167 ("By refusing to return The Popper Art Collection, Defendants knowingly converted The Popper Art Collection."). Indeed, the Fagan II Complaint seeks relief that would involve all of the artwork in question, not just Fagan's claimed interest in it. See, e.g., id. ¶ 173 (seeking "the imposition of a constructive trust on the works of The Popper Art Collection that are currently in the possession of Defendants"); id. ¶ 180 ("Plaintiff is entitled to an accounting of all works from the Popper Art Collection that are currently in Defendants' possession, custody or control . . . and all monies earned by Defendants there from."). Since Fagan filed his first Complaint six months ago, however, neither Klepetář nor any other alleged owner of the artwork has been joined in this action. These circumstances show that Fagan is once again trying to represent the interests of Klepetář and other unidentified Popper Heirs. But as the Court has previously explained, Fagan may not represent any other person before this Court, especially given his status as a disbarred attorney. See Fagan I, DE 5 at 2 n.1; see also Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (per curiam) (explaining that the law "does not permit unlicensed laymen to represent anyone else other than themselves" (internal quotation marks omitted)).

     A letter that Klepetář has submitted to the Court confirms that the claims and proposed relief in this action would affect the property rights of Klepetář and any other claimants to the disputed artwork:

> [I]t is my understanding that Mr. Fagan's rights to recover The Popper Art Collection basically incorporate the rights I had when I sold him a partial interest in [that] Collection. It is also my understanding that eventually there will have to be a way that when Mr. Fagan prevails and [Defendants]

> are ordered to either return The Popper Art Collection or pay restitution for the paintings and collection. And, that my interests will have to be included in that process if there is ever to be actual restitution of the paintings and collection.

DE 6 at 2-3. Klepetář's letter further explains that he "approved the language of Mr. Fagan's complaint" regarding Klepetář and the Popper Art Collection, and that Fagan's statements in an evidentiary motion that "refer to [Klepetář] and to [his] interests are also true." Id. at 3-4. Klepetář also affirms that he and Fagan "share similar interests related to the Popper Collection and the claims that are now pending," and Klepetář expresses his belief that "Mr. Fagan will provide his best knowledge and effort to succeed in this matter." Id. at 4. And while Klepetář purports to recognize that Fagan cannot represent him in this case, Klepetář does "wish [Fagan] to advocate for his interests (which are the same as mine) as relates to The Popper Art Collection, that are now before [this] Court." Id. Indeed, Klepetář believes that Fagan will prevail in this action, and Klepetář "want[s] to be part of that case." Id.[3]

For all these reasons, the Court finds that this case is another improper attempt by Fagan to represent Klepetář and other persons with an interest in the Popper Art Collection. Because Fagan has failed to heed the Court's prior directives to obtain counsel, the Court will again dismiss his Complaint without prejudice. The Court cautions Fagan that further inappropriate filings will likewise result in dismissal, as well as any warranted sanctions.

---

[3] Earlier in his letter, Klepetář indicates that he is "in the process of retaining and will get [his] own US lawyer to represent [his] personal interests." DE 6 at 2. In the three months since Klepetář submitted in his letter, however, no attorney has appeared in this case on Klepetář's behalf.

Accordingly, it is **ORDERED AND ADJUDGED** that the above-styled action is hereby **DISMISSED** without prejudice.  The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 23rd day of October, 2012.

							          _____
							          JAMES I. COHN
							          United States District Judge

Copies provided to:

Edward D. Fagan
5708-01 Arbor Club Way
Boca Raton, FL  33433